UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENTICE RAY THOMAS,<br><br>           Petitioner,<br><br>   v.<br><br>SCOTT DEGOUGH, et al.,<br><br>           Defendants. | Case No. 1:23-cv-00489-JLT-CDB (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**14-DAY DEADLINE**<br><br>(Docs. 1, 7) |

      Petitioner Prentice Ray Thomas ("Petitioner") is a California state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises claims related to his conditions of confinement, namely that the water at Wasco State Prison is contaminated, which is a violation of his Eighth Amendment rights. Petitioner also claims that there is black and gray mold in his cell.

**Preliminary Screening**

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. *Pro se* habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to

relief." Habeas Rule 4.  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Procedural and Factual Background**

In the Petition, filed March 21, 2023, Petitioner raises claims against California Governor Gavin Newsom and the State of California for violation of Cal. Health & Safety Code § 116450(g) as well as violations of his Eighth Amendment rights. (Doc. 1 at p, 5).  It appears that Petitioner has not exhausted his administrative remedies since according to the Petition "at this time my grievance is at headquarter[sic] level of response." (*Id*.)

On April 26, 2023, Petitioner filed a civil rights complaint in this same action.  (Doc. 6). In that complaint, Petitioner raises claims against Governor Newsom, as well as Scott Degough, a water plant operator, and Wasco State Prison warden Heather Shirley. (*Id*.) Petitioner's civil rights complaints raises claims nearly identical to those asserted in his § 2254 Petition.

**Discussion and Analysis**

Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the laws or treaties of the United States." 28 U.S.C. § 2254(a).  A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under 42 U.S.C § 1983." *Nettles v. Grounds,* 830

F.3d 922, 934 (9th Cir. 2016) (*en banc*) (quoting *Preiser*, 411 U.S. at 487, and *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011)).

In his various filings, Petitioner raises claims related to his conditions of confinement. (Docs. 1 at p. 3; 6 at p. 5). Thus, because success on Petitioner's claims, "would not necessarily lead to his immediate or earlier release from confinement," his claim does not fall within "the core of habeas corpus," and he must instead bring his claim under 42 U.S.C. § 1983. *Nettles*, 830 F.3d at 935. Indeed, on April 21, 2023, Petitioner filed another action alleging harm from contaminated water and mold pursuant to 42 U.S.C. § 1983. *See Thomas v. Newsom, et al.*, Case No. 1:23-cv-00622-BAM. The undersigned adduces that Petitioner means to assert civil rights claims pursuant to § 1983 and this case inadvertently was commenced through Petitioner's misguided trial-and-error filing process.

**Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). There are distinct differences between habeas corpus petitions and prisoner civil rights actions, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings. *Id*. at 936 (citing *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)); *Glaus*, 408 F.3d at 388.

In this case, the Court concludes the proper course of action is to dismiss this action as opposed to conversion to a complaint under 42 U.S.C. § 1983. The Petition at issue lists Governor Newsom and the State of California as respondents without alleging any wrongful action or inaction taken by them. Thus, it is likely in any § 1983 action, Petitioner would need to revise his allegations and/or name different or additional parties. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Furthermore, conversion of this action would generate an action duplicative of the pending case in Case No. 1:23-cv-00622-BAM.

Thus, the undersigned recommends that the Petition be dismissed.

**Miscellaneous Matters**

The Court notifies Petitioner that he may not raise claims related to the conditions of his confinement through a 28 U.S.C. § 2254 petition; those claims may be raised, if at all, through a 42 U.S.C. § 1983 action. The undersigned is recommending that this petition be dismissed because there are differences between actions commenced pursuant to § 2254 and § 1983 that could jeopardize this action in the future.

**RECOMMENDATION & ORDER**

For the forgoing reasons, the undersigned **HEREBY RECOMMENDS** that the petition for writ of habeas corpus be dismissed for lack of jurisdiction. The undersigned further recommends that Petitioner's Motion to Proceed in Forma Pauperis (Doc. 7) be **DENIED** as moot.

These Findings and Recommendation will be submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2023**

UNITED STATES MAGISTRATE JUDGE